# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL D. STORY,            )
                             )
            Plaintiff,       )
                             )
v.                           )   Case No. CIV-12-141-RAW-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
            Defendant.       )

## REPORT AND RECOMMENDATION

Plaintiff Michael D. Story (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 28, 1971 and was 39 years old at the time of the ALJ's decision. Claimant completed his high school education through the 12th grade. Claimant has worked in the past as a delivery driver, pizza deliverer, golf course laborer, fast

3

food worker, restaurant manager, and short order clerk. Claimant alleges an inability to work beginning May 5, 2007 due to limitations resulting from chronic pancreatitis, panic attacks, anxiety, depression, irritable bowel syndrome, and acid reflux.

**Procedural History**

On May 9, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 17, 2009, an administrative hearing was held before ALJ Tela L. Gatewood. On July 30, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on February 3, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to make the appropriate findings at step three; (2) failing to perform the required analysis of Claimant's counselor's opinion; and (3) ignoring significantly probative evidence contained in the record in arriving at the decision.

**Step Three Findings**

In her decision, the ALJ determined Claimant suffered from the severe impairments of pancreatitis, brochitis, bipolar disorder/major depressive disorder, anxiety disorder/panic disorder, and hyperglycemia with improvement of symptoms with weight loss. (Tr. 14). She also found Claimant retained the RFC to perform light work except that he is restricted to an indoor environment, cannot work with the public, and can do three or four step tasks. (Tr. 24). After consultation with a vocational expert, the ALJ determined Claimant could perform the light, unskilled occupations of bench assembler and conveyor line bakery worker as well as the sedentary, unskilled job of touch-up screener. (Tr. 21-22).

Claimant contends that the ALJ's Psychiatric Review Technique ("PRT") findings are not supported by record. In September of 2007, Claimant was diagnosed with bipolar disorder, NOS and anxiety

5

disorder, NOS. Claimant's GAF was assessed at 40. (Tr. 308). Claimant indicated that he experienced moderate to severe depression with suicidal thoughts with no plan. He reported poor sleep and daily anxiety to the point that he did not want to get out of his house unless absolutely necessary. He indicated he was afraid to eat because it made him sick. Claimant had trouble coping with life and worried about being able to provide for his children. Id.

In December of 2007, Claimant presented at the Red Rock Adult Crisis Unit due to suicidal ideation after spending three days in the hospital due to stomach trouble. (Tr. 326). Claimant's counselor completed a Petition for Involuntary Commitment on Claimant, stating that the risk of harm included that Claimant "states he wants to die, wants to go to sleep [and] not wake up, does not trust his thoughts. Not [] to safety plan – uncontrollable crying & rapid mood changes." (Tr. 382). Claimant was discharged from the Unit on December 20, 2007 and was taken to court for a mental health hearing. He was released for follow up treatment with MHSSO. (Tr. 328-29). Claimant showed improvement. (Tr. 300).

On January 11, 2008, Claimant reported depressed mood and anxiety, although he was sleeping well with medication. (Tr. 444).

6

On February 14, 2008, Claimant had a depressed mood, thoughts of suicide with no plan, feelings of hopelessness, anxiety, and irritable. (Tr. 443). On March 10, 2008, Claimant was diagnosed with bipolar II disorder and social phobia, generalized. His GAF was estimated at 50. (Tr. 419). Claimant was noted for having made only very minimal progress toward relieving symptoms associated with anxiety and depression. His prognosis for recovery was poor but very good for improvement. (Tr. 421).

On May 26, 2009, Claimant's counselor prepared a Mental Residual Functional Capacity Assessment form. Claimant was found to have marked limitations in the areas of the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ability to interact appropriately with the general public, and the ability to travel in unfamiliar places or use public transportation. She noted that Claimant continued to have problems with depression and anxiety which continued to prevent him from interacting with others on a daily basis. (Tr. 392-96).

On March 18, 2010, Claimant was assessed as having difficulty functioning in society, was unable to go to the store or any of his children's school or social functions. Claimant was also found to

7

be unable to work due to health conditions and anxiety. (Tr. 411).

A PRT represents the technique the ALJ is required to employ in assessing the four broad functional areas. These four areas are comprised of (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompression. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). In this regard, the ALJ found (1) Claimant had no more than "moderate" restrictions in activities of daily living; (2) Claimant had no more than "moderate" difficulties in social functioning; (3) Claimant had no more than "mild" difficulties with concentration, persistence, or pace; and (4) Claimant experienced no episodes of decompensation of extended duration. (Tr. 17).

The ALJ found on activities of daily living that Claimant watches sports on television, visits with his mother, bikes and camps occasionally, planned a trip to Florida, went to Kansas, and drove to a convenience store. These findings ignore the consistent statements in the record which indicate Claimant had difficulty leaving house, even to go to the store. Similarly, the ALJ also did not recognize that Claimant frequently isolates himself and experiences limited interaction with others. The ALJ's finding of no episodes of decompensation ignored the decline in Claimant's mental condition and functioning to the point of a counselor

8

seeking to commit Claimant for treatment. On remand, the ALJ shall reassess Claimant's PRT mental functioning based upon the totality of the medical evidence in the record.

**Evaluation of the Counselor's Opinion**

The ALJ rejected the opinion of Claimant's counselor based upon a finding that "[t]here are no records of mental health treatment after the claimant had a short period of hospitalization in December of 2007, and a couple of follow up visits wherein he reported being happy and having lots of energy." (Tr. 20). As has been related in this opinion, Claimant was hospitalized on numerous occasions after December of 2007. Claimant's comment about being happy and having energy occurred on a single occasion which was followed by a decline in Claimant's mental condition and more treatment. (Tr. 444). The ALJ also rejected the counselor's report because she was not an acceptable medical source. The ALJ is still required to consider the opinion of a professional who is not an acceptable medical source and state specific, valid reasons for the rejection of the opinion. Soc. Sec. R. 06-3p. On remand, the ALJ shall re-examine the medical record in light of the inconsistencies and incorrect statements the ALJ set forth in her decision.

9

## Consideration of All Probative Evidence

The evidence which does not support a finding of non-disability that the ALJ failed to discuss in her decision must be considered in the assessment of Claimant's functional limitations. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he or she is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the totality of the evidence of Claimant's mental limitations and the effect those limitations have upon his ability to engage in basic work activities.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED**

for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE